

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 12, 1962

Honorable Ammond G. Schwartz
County Attorney
Lavaca County
Hallettsville, Texas

Opinion No. WW-1308

Re: Whether a county surveyor may make
private surveys for compensation
of lands in his county without be-
ing licensed under Article 5282a,
V.C.S.

Dear Mr. Schwartz:

You have requested an opinion on the following subject:
May a duly elected and acting county surveyor survey private
lands for compensation without qualifying as a registered public
surveyor pursuant to the Registered Public Surveyors Act of 1955?

The 54th Texas Legislature enacted the Registered Pub-
lic Surveyors Act of 1955, codified as Article 5282a, Vernon's
Civil Statutes. One indication of the legislative intent in the
enactment is found in the Act's Emergency Clause (Section 12),
which reads as follows:

"The fact that many persons are now engaging
in the practice of Public Surveying without ade-
quate preparation and qualification therefor, with
resulting confusion to persons dealing with such
persons, creates an emergency and imperative public
necessity that the Constitutional Rule requiring
bills to be read on three several days in each
House be suspended . . ."

Section 2(b) of the Act defines public surveying as:

". . . the science or practice of land mea-
surement according to established and recognized
methods engaged in and practiced as a profession or
service available to the public generally for com-
pensation, and comprises the determination by means
of survey, of the location or relocation of land
boundaries and land boundary corners; the calcula-
tion of area and the preparation of field note

description of surveyed land;  the preparation
of maps showing the boundaries and areas of the
subdivision of tracts of land into smaller
tracts;the preparation of official plats or maps
of said land and subdivisions thereof; and such
other duties as sound surveying practice would
direct."

Section 2(b) also states that a public surveyor is any
person engaged in the public surveying defined in the Act, and
who is employed as a surveyor or who holds himself out to the
public as such.  Section 6 requires the registration of any per-
son, except those exempted from the Act by Section 3, who engages
or continues in the practice of public surveying after January
1, 1956.  Section 8 provides that after January 1, 1956:

". . . any person who shall practice, or
offer to practice, the profession of Public Sur-
veying in this State without being registered or
exempted in accordance with the provisions of
this Act, or any person presenting or attempting
to use as his own the Certificate of Registration
or the seal of another, . . . shall be fined not
less than One Hundred Dollars ($100) nor more
than Five Hundred Dollars ($500), or be confined
in jail for a period not exceeding three (3)
months, or both.  Each day of such violation
shall be a separate offense."

Section 3 states that the provisions of the Act shall
not apply, among others, to a "County Surveyor acting in his
official capacity as authorized by law."  (Emphasis added)

The office of county surveyor is created by Section 44
of Article XVI of the Constitution of Texas, which states:

"The Legislature shall prescribe the duties
and provide for the election by the qualified vot-
ers of each county in the State, of a county treas-
urer and a county surveyor, who shall hold their
office for two years, and until their successors
are qualified; and shall have such compensation as
may be provided by law."  (Emphasis added)

Articles 5283-5298, Vernon's Civil Statutes, relate to
the office of County Surveyor.  As stated in Attorney General
Opinion No. 0-3940 (September 15, 1941), neither the Constitution
nor the statutes prescribe any particular qualifications or re-
quire a county surveyor to be a licensed land surveyor.

Article 5289 refers to the duty of a county surveyor to survey land, as follows:

"If any county surveyor fails, neglects or refuses, when the amount of lawful surveying fees of any location of land may be tendered to him by any person legally entitled to the survey, to make or cause such survey to be made within one month after such tender, he and his sureties shall be liable on his official bond to such injured parties in the amount of damages or injuries said parties may sustain by reason of such neglect, refusal or failure." (Emphasis added)

The duty and authority of a county surveyor with respect to the actual survey of land is epitomized by Article 5299, Vernon's Civil Statutes, which states:

"All surveys of public lands shall be made by authority of law, and by a surveyor duly appointed, elected or licensed, and qualified." (Emphasis added)

Considered together, these two statutes indicate that the survey of public land, as opposed to private land, is the statutory duty of the county surveyor. Since the survey of private lands for compensation is not a statutory duty of county surveyors, the logical conclusion is that a county surveyor who engages in such practice does so in a capacity other than his official capacity as authorized by law. The conclusion necessarily follows, from this, that the survey of private lands by a county surveyor is not within the exception listed in Section 3 of the Registered Public Surveyors Act of 1955, since that section speaks only of the actions of a county surveyor which are "in his official capacity as authorized by law."

This conclusion is strengthened by the fact that the Registered Public Surveyors Act of 1955 provided three different methods for qualifying for a certificate of registration. The first two methods of qualifying were for the benefit of persons actually engaged in public surveying prior to the effective date of the Act; both methods contain lesser requirements for qualification than the third method; and both contain cut-off dates (1 and 5 years respectively) after which only the third method of qualification may be utilized.

## SUMMARY

A county surveyor who surveys private lands for compensation is engaged in the practice of public surveying as defined in the Registered Public Surveyors Act of 1955, and a county surveyor so engaged is required by law to possess a certificate of registration issued by the State Board of Registration for Public Surveyors.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  F. R. Booth
F. R. Booth
Assistant

FRB:zt:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Morgan Nesbitt
Elmer McVey
Norman V. Suarez
John Hofmann

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.